By the Court—Curtis, J.
The plaintiff, by his complaint, claims that he is the accommodation acceptor of certain drafts amounting to $80,000 for Hub-bell’s accommodation, who has become insolvent; that Grant & Son claim to have made Hubbell certain advances which are usurious, and have agreed to compound their claim at fifty cents on the dollar ; that plaintiff has tendered fifty per cent, of the advances, but that they claim fifty per cent, of the face of the acceptance, and have sued the plaintiff on them; that plaintiff’s liability depends on the unpaid amount of valid cash advances by Grant & Son thereon, which *260 can only be ascertained by the accounts between Grant & Son and Hubbell, that the balance against Hubbell was reduced to $40,155.44, and that Hubbell has paid Grant & Son sums amounting to $80,981.25, and is entitled to be credited with these and other sums. The complaint then alleges sundry transactions and suits between plaintiff and Hubbell, and avers that Grant claims to recover from plaintiff the whole amount of the" drafts, $40,000 for himself, and the balance for Hub; bell’s benefit, with whom he is acting in concert, and who is insolvent.
The prayer, with other relief, asks for an accounting as to Grant’s advances for the surrender of the drafts as usurious, and if any amount is due Grant, that on the payment of fifty per cent, of such amount the drafts be-surrendered.
The trial of the issues before a referee resulted in a judgment for the defendants, which upon appeal to the General Term was reversed, and a new trial ordered, and the .order of reference set aside.
The defendant Grant now moves for a reargument, on the ground that the General Term failed to consider or notice an important question raised and argued on his behalf, and that they misconstrued and misapprehended, or overlooked and did not consider, the decisions cited by the defendants’ counsel in his argument, and that the decision of the General Term is in conflict with the controlling decisions of the Court of Appeals,- and that by its opinion the General Term did not discuss or consider certain questions, or the decisions upon such questions, but appear to have overlooked them.
It is not the province of one General Term to overrule or set aside the decisions of another General Term. If the court has committed some obvious mistake, or the court of the highest appellate jurisdiction has, pending the decision, decided otherwise the question involved, then, to save delay and expense to the parties, *261 •a reargument may very properly be ordered. But if the error is one, as is claimed here, of law, then the remedy for the party deeming himself aggrieved is not to apply to another General Term to review the decision of the former.
It by no means follows that because an opinion of the court does not consider and discuss all the decisions referred to by counsel on the argument, or the questions presented on their briefs, that those decisions and those questions have not been carefully examined and weighed. Such omission, even if it existed in the
present case, affords no ground to support the present motion. If the General Term erred in respect to the law of the defendant’s case, he has his remedy, but not by a reargument.
Upon the argument of the present motion these views were suggested, as those which usually governed the court in determining this class of applications ; and the attention of the defendant’s counsel was directed as to whether there had been any recent decisions of the Court of Appeals, touching the question raised, to which the attention of the court had not been called on the argument.
He referred to the case of Allerton v. Belden (49 N. Y. R.), which had not then been reported. Upon an examination of that case, it does not appear to dispose of the questions before the General Term, and decided by them in the present action.
From these considerations, and from the rare instances in which courts not of final jurisdiction have granted motions of this character, and the delays and difficulties liable to result therefrom, it is apparent, that the defendants’ motion for a reargument should be denied, with costs.
Freedman and Van Vorst, JJ., concurred.